IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


STEVEN HASTINGS                                                    PLAINTIFF

v.                              Civil No. 1:21-cv-1020

SHERIFF DAVID RARWOOD[1], et al.                                  DEFENDANTS


**REPORT AND RECOMMENDATION**

This case is before the Court for preservice screening under the provisions of the Prison

Litigation Reform Act ("PLRA").  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to

screen any complaint in which a prisoner seeks redress from a governmental entity or officer or

employee of a governmental entity.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and

(3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred the instant

motion to the undersigned for the purpose of making a Report and Recommendation.

**I.  BACKGROUND**

Plaintiff filed his original Complaint *pro se* on July 20, 2020, in the Eastern District of

Arkansas.  (ECF No. 2).  Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 1) was

granted on July 21, 2020.  (ECF No. 3).  An Amended Complaint was filed on August 21, 2020.

(ECF No. 4).  On April 9, 2021, the matter was transferred to this Court.  (ECF No. 6).

The Order directing the transfer notes that while Plaintiff's original Complaint asserts

constitutional violations stemming from incidents in September and October of 2019, the

Amended Complaint alleges that Plaintiff's constitutional rights were violated in August 2020.

(ECF No. 6).  The transfer Order severed the two complaints, and dismissed the claims set forth

---

[1] Plaintiff has now corrected the name of the lead Defendant as DAVID NORWOOD.  ECF No. 11.

in the Amended Complaint *sua sponte*. *Id.* The transfer Order further states that if Plaintiff wishes to assert the claims in the Amended Complaint concerning the August 2020 incidents, he must do so in a "separate, newly filed § 1983 action, which will require its own filing fee." (ECF No. 6). The Order then transfers venue of Plaintiff's original Complaint to this Court, as the events giving rise to the action occurred at the Ouachita County Jail, which is in Ouachita County, Arkansas. (ECF No. 6).

On May 5, 2021, this Court entered an Order directing Plaintiff to file a second amended complaint "concerning the incidents which allegedly occurred in September and October of 2019." (ECF No. 10). The Order further notes, "[a]s set forth in the Order docketed as ECF No. 6, any claims which stem from incidents which occurred in August of 2020, . . . must be asserted in a separate action." *Id*.

Plaintiff's Second Amended Complaint was filed on June 3, 2021. (ECF No. 11). According to the Second Amended Complaint, Plaintiff is currently confined at the North Central Unit of the Arkansas Department of Corrections ("ADC"). (ECF No. 11 at 2). Plaintiff names as Defendants Sheriff David Norwood of Ouachita County, Arkansas; Ouachita County Jail Administrator Cameron Owens; Angela West, Mail Room Coordinator, Pine Bluff Unit of the ADC; Roy Agee, Act 309 Coordinator, ADC; Vickey Haycox, Executive Assistant, ADC; Heather Bridges, Assistant 309 Coordinator, ADC; and Janice Minor, Disciplinary Officer, ADC. *Id*.

Plaintiff's first claim is for "discrimination" and he lists "9/12/2019 and 9/20/2019" as the date of occurrence. (ECF No. 11 at 5). Plaintiff names David Norwood and Cameron Owens as Defendants, and states that he is suing them in both their official and personal capacity. Plaintiff states that on "9/12/2019 my job assignment was to work Ouachita County Jail 309 4 man work crew working outside picking up along side of the road but Mr. Owens did not like that I was over

weight and on 70/30 insulin so he and Mr. Norwood moved me to another job assignment." (ECF No. 11 at 5). With respect to the official capacity claim, when asked to describe the custom or policy that Plaintiff believes caused the constitutional violation, Plaintiff states "[t]hey claim their medical policy will not let inmates who on insulin out in the heat." *Id*. at 6.

Plaintiff's second claim is for "violation of the ADA" with a date of occurrence of "9/23/2019". (ECF No. 11 at 6). Plaintiff lists Cameron Owens, David Norwood, Roy Agee, Vickey Haycox, and Heather Bridges as Defendants and states that he is suing them in both their official and personal capacity. *Id*. Plaintiff states "I was sent back to the custody of the ADC because of refusing to eat and take meds and being on insulin and over weight and to them could it work the job assignment they never let me try to do when I first get there being return to the ADC indirectly made it where I could not see my mother again before her passing on 11/19/2019." *Id*. With respect to the official capacity claim, when asked to describe the custom or policy that Plaintiff believes caused the constitutional violation, Plaintiff states "[t]hey ADC disciplinarys to conceal sending me back to the ADC for being insulin and over weight." (ECF No. 11 at 7).

Plaintiff's third claim is for "retaliation" and states that the date of occurrence is "10/10/2019." (ECF No. 11 at 7). Plaintiff names Angela West, Roy Agee, Janice Minor, Heather Bridges, and Vickey Haycox as Defendants and states that he is suing them in both their official and personal capacity. *Id*. Plaintiff state "[o]n 9/23/2021 a little after getting to Pine Bluff until Roy Agee came there to talk to me but his First question was what is my mil function was I tried telling him about the discrimination on 9/12/2019 and 9/20/2019. He would not let me tell him told the security officers to remove and I will read about it they indirectly made it where I did not see or talk to my mother before her passing on 11/19/2019." (ECF No. 11 at 7). With respect to the official capacity claim, when asked to describe the custom or policy that Plaintiff believes

caused the constitutional violation, Plaintiff states "[t]hey used the disciplinary policy and disciplinary officer Janice Minor to find me guilty of 12-2 for the reasons of not following rules and regulations and refusing to eat and take my meds from incident on 9/20/2010 then Miss West did something with my step two appeal because 4 out of 5 disciplinary was not guilty viewing only refusing to eat and take my meds." (ECF No. 11 at 8).

Plaintiff seeks compensatory and punitive damages as relief. (ECF No. 11 at 8). In addition, Plaintiff states "I would like the ADC to reverse my guilty verdict on 10/1/2019 give all good time back and class 250,000 compensatory 1.5 punitive damages for mental stress personal humiliation and mental anguish and loss of liberty by not being able to visit or talk to mother before her passing on 11/19/2019 or be with her when she pass away due to restriction." *Id*.

## II.  APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro*

*se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  DISCUSSION

#### A.  Claims 1 and 2

Plaintiff's first two claims concern actions which occurred at the Ouachita County Jail in September of 2019.  Plaintiff states that his claims are for "discrimination" and "violation of the ADA".  (ECF No. 11 at 5, 6).  Specifically Plaintiff complains that the Defendants changed his job assignment and that he was sent back to the custody of the ADC because he was on insulin and overweight.  *Id*.  The Court will analyze Plaintiff's allegations under both the Equal Protection Clause and the American with Disabilities Act.

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. Amend XIV, § 1.  The purpose of the Equal Protection Clause "is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination."  *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 611 (2008) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (percuriam)).  Proof that discriminatory intent was a motivating factor is required to show a violation of the Equal Protection Clause.  *Arlington Heights v. Metro Hous. Dev. Corp.*, 429 U.S. 252, 265-66 (1977).

An equal protection claim may be established in two ways.  The first requires a plaintiff to "show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *Washington v. Davis*, 426 U.S. 229, 239-40 (1976).  If the claims do not involve a protected class, a plaintiff can establish an equal protection "class of one" claim by alleging that he "has been intentionally treated differently from others similarly situated

and that there is no rational basis for the difference in treatment." *Olech*, 528 U.S. at 564; *see also Flowers v. City of Minneapolis*, 558 F.3d 794, 798 (8th Cir. 2009). To prevail under this theory, a plaintiff must show that (1) he or she is a member of an identifiable class; (2) he or she was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Olech*, 528 U.S. at 564. Because Plaintiff does not allege he was a member of any identifiable class, nor even if he were in an identifiable class, that the was treated differently from any other person in the "class" the Second Amended Complaint fails to state an equal protection claim against the Defendants.

The Court will next analyze Plaintiff's allegations under the ADA. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The United States Supreme Court has held that Title II, which prohibits a "public entity" from discriminating against a "qualified individual with a disability" on account of that individual's disability, includes inmates in state prisons. *Penn. Dept. of Corr. v. Yeskey*, 524 U.S. 206, 208 (1998). To state a prima facie case under the ADA, a plaintiff must show: (1) he is a person with a disability as defined by statute; (2) he is otherwise qualified for the benefit in question; and (3) he did not receive this benefit due to discrimination based upon his disability." *Randolph v. Rogers*, 170 F.3d 850, 858 (8th Cir. 1999) (citing 42 U.S.C. § 12101, et seq.). "Not every physical or mental impairment 'counts' for ADA purposes because most disabilities from which people suffer (bad vision, impaired hearing, arthritic joints, diabetes) do not have a substantial enough effect on their major life activities." *Berg v. Norand Corp.*, 169 F.3d 1140, 1145 (8th Cir. 1999).

Plaintiff has not alleged any facts to demonstrate that he is a disabled person as defined by the ADA. Moreover, Plaintiff has failed to plead any facts to support a finding that he was discriminated against based on any disability by the Defendants. Therefore, Plaintiff has failed to state a claim against the Defendants based on a violation of the ADA.

Finally, Plaintiff does not have a constitutional right to maintain a particular job at the Ouachita County Jail. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002).

I recommend that Plaintiff's first and second claims be dismissed for failure to state a claim.

**B. Claim 3**

Plaintiff's third claim involves actions which occurred in October 2019 after Plaintiff was transferred to the ADC North Central Unit. (ECF No. 11 at 7). As discussed in the Order transferring the matter to this Court, "'[t]he federal venue statute provides that a civil action may be brought in 'a judicial district in which any defendant resides' or in 'a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.' *See* 28 U.S.C. § 1319(b)." (ECF No. 6). With respect to the third claim, the events giving rise to the action occurred at the North Central Unit of the ADC, which is located in the Eastern District of Arkansas. Further, the majority of the Defendants in the third claim, work in, and presumably reside in the Eastern District of Arkansas.

Accordingly, in the interest of justice, I recommend that Plaintiff's third claim be severed from this action and transferred to the Eastern District of Arkansas.

## IV. CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's first and second claims of his Amended Complaint be dismissed without prejudice.

I further recommend that Plaintiff's third claim of his Amended Complaint be severed from this action and transferred to the Eastern District of Arkansas.

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

**IT IS SO ORDERED** this 12th day of July 2021.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE