## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**STEVEN HASTINGS**                                            **PLAINTIFF**
**ADC #171672**

**V.**                          **NO. 3:21-cv-169-DPM-ERE**

**DAVID NORWOOD,** *et al.*                          **DEFENDANTS**

### ORDER

Plaintiff Steven Hastings, an Arkansas Division of Correction (ADC) inmate, filed his original complaint *pro se* on July 20, 2020, in the Eastern District of Arkansas. *Doc. 2.* The next day, the Court granted Mr. Hastings' motion for leave to proceed *in forma pauperis*. *Doc. 3.* On August 21, Mr. Hastings filed an amended complaint. *Doc. 4.*

On April 9, 2021, the Court transferred this matter to the Western District of Arkansas. *Doc. 6.* In the Court's Order transferring this case, the Court noted that while Mr. Hastings' original complaint asserts constitutional violations stemming from incidents in September and October of 2019, the amended complaint alleges that Mr. Hastings' constitutional rights were violated in August 2020. *Doc. 6.* In the Order transferring the case, the Court severed the two complaints, and dismissed the claims set forth in the amended complaint *sua sponte*. *Id.* The Court explained to Mr. Hastings that if he wanted to assert the claims in the amended complaint

concerning the August 2020 incidents, he had to do so in a "separate, newly filed §
1983 action, which will require its own filing fee." *Id.*

On May 5, 2021, the Court directed Mr. Hastings to file a second amended
complaint "concerning the incidents which allegedly occurred in September and
October of 2019." *Doc. 10.* On Jun 3, 2021, Mr. Hastings filed a second amended
complaint. *Doc. 11.*

On August 19, 2021, the Court in the Western District of Arkansas: (1)
dismissed Mr. Hastings' first and second claims contained in his second amended
complaint; (2) severed the third claim contained in his second amended complaint;
and (3) transferred the third claim to the Eastern District of Arkansas. *Doc. 13.*

In his second amended complaint, Mr. Hastings characterizes his third claim
as a "retaliation" claim occurring at the ADC's North Central Unit, located in the
Eastern District of Arkansas.[1] *Doc. 11 at 7*. To state a retaliation claim, Mr. Hastings
must allege that: (1) he engaged in constitutionally protected activity; (2) Defendants
took adverse action against him that would chill a person of ordinary firmness from
engaging in that activity; and (3) retaliation was the actual motivating factor for the
adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v.
Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). Here, based on Mr. Hastings'

---

[1] Mr. Hastings' remaining claims involved actions occurring at the Ouachita County Jail,
located in the Western District of Arkansas.

allegations, it is unclear: (1) what protected activity he was engaged in; and (2) what adverse action each of the Defendants took against him. Thus, the Court will allow Mr. Hastings thirty (30) days to file a third amended complaint. [2]

IT IS THEREFORE ORDERED THAT:

1.      Mr. Hastings may have 30 days to file a third amended complaint clarifying his retaliation claim against Defendants Angela West, Roy Agee, Vickey Haycox, Heather Bridges, and Janice Minor. In his amended complaint, he must specifically explain how each named Defendant violated his constitutional rights.

2.      If Mr. Hastings fails to file an amended complaint, the Court will screen the retaliation claim raised in his second complaint, which is likely to result in the dismissal of that claim.

3.      The Clerk is instructed to add Vickey Haycox, Heather Bridges, and Janice Minor as party Defendants.

4.      The Clerk is instructed to terminate David Norwood, Cameron Owens, Ernest N. Johnson, Brienna Cowgill, Marjorie Hall, Shawn Richard, ste Ricllets, and Nevada County, Arkansas as party Defendants.

---

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.   1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

IT IS SO ORDERED this 23rd day of August, 2021.

_____
UNITED STATES MAGISTRATE JUDGE