IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**STEVEN HASTINGS**                                                                           **PLAINTIFF**
**ADC #171672**

V.                              NO. 3:21-cv-169-DPM-ERE

**ROY AGEE, Act 309 Coordinator, ADC;**
**ANGELA WEST, Mail Room Coordinator,**
**Pine Bluff Unit; VICKEY HAYCOX;**
**HEATHER BRDIGES; and JANICE MINOR**                           **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections

This Recommendation for dismissal has been sent to United States District Chief Judge D.P. Marshall Jr. Mr. Hastings may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Judge Marshall may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, Mr. Hastings may waive the right to appeal questions of fact.

### II.  Discussion

On July 20, 2020, Plaintiff Steven Hastings, an Arkansas Division of Correction (ADC) inmate, filed his original complaint *pro se* in the Eastern District

of Arkansas. *Doc. 2*. The next day, the Court granted Mr. Hastings' motion for leave to proceed *in forma pauperis*. *Doc. 3*.

On August 21, 2020, Mr. Hastings filed an amended complaint, asserting constitutional violations that occurred in August 2020, and had no connection to the claims he asserted in his original complaint, which occurred in 2019. See *Doc. 4, Doc. 2*. Accordingly, the Court severed the amended complaint from the original, dismissed the amended complaint *sua sponte*, and explained that Mr. Hastings could pursue claims set forth in the amended complaint with a "separate, newly filed § 1983 action, which [would] require its own filing fee." *Doc. 6*.

In addition, because the events giving rise to claims in the original complaint occurred in the Western District of Arkansas, the Court transferred the case to the United States District Court for the Western District of Arkansas ("Western District"). *Id*.

On May 5, 2021, the Western District directed Mr. Hastings to file a second amended complaint "concerning the incidents which allegedly occurred in September and October of 2019." *Doc. 10*. On Jun 3, 2021, Mr. Hastings filed a second amended complaint. *Doc. 11*.

On August 19, 2021, the Western District severed a claim set forth in Mr. Hastings' second amended complaint and transferred that single claim to this Court. *Doc. 13*.

Mr. Hastings characterizes the claim before this Court as a "retaliation" claim occurring at the ADC's North Central Unit, located in the Eastern District of Arkansas.[1] *Doc. 11 at 7*.

On August 23, 2021, the Court entered an Order advising Mr. Hastings that, to state a plausible retaliation claim, he must allege facts to show that: (1) he engaged in constitutionally protected activity; (2) Defendants took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was the actual motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). *Doc. 15*. In the same Order, the Court pointed out two specific flaws in Mr. Hastings' second amended complaint but gave him thirty (30) days to file a third amended complaint.[2] *Id.*

---

[1] Mr. Hastings' remaining claims involved actions occurring at the Ouachita County Jail, located in the Western District of Arkansas.

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

To date, Mr. Hastings has not filed a third amended complaint clarifying his retaliation claim, and the time for doing so has passed. Therefore, the Court will screen the second amended complaint.

There are no factual allegations in the second amended complaint to indicate: (1) what protected activity Mr. Hastings contends he engaged in; and (2) what adverse action each Defendant took against him. Without such information, Mr. Hastings' proposed complaint lacks sufficient factual allegations to state a plausible constitutional claim against any Defendant. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 678 (2009) (explaining that "labels and conclusions," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face").

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Hastings' retaliation claim be DISMISSED, without prejudice, pursuant to 28 U.S.C. § 1915A, based on his failure to state a claim upon which relief may be granted.

2. The Clerk be instructed to close this case.

DATED this 27th day of September, 2021.

_____
UNITED STATES MAGISTRATE JUDGE